UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JUAN HERNANDEZ ALVARADO,
                 Defendant.

S2 15-cr-379 (PKC)

REPLY TO THE GOVERNMENT OPPOSITION
TO DEFENDANT JUAN HERNANDEZ'S MOTION
FOR RELEASE ON BAIL PENDING TRIAL

RETURETA & WASSEM, P.L.L.C.
Manuel J. Retureta, Esq.
300 New Jersey Avenue, NW
Suite 900
Washington, D.C. 20001
*Defense Counsel for Defendant*

I.  INTRODUCTION

Defendant Juan Antonio Hernandez Alvarado (hereinafter "Mr. Hernandez") has respectfully requested this Court, pursuant to 18 U.S.C. §3142, to release him on conditions of release pending trial. ECF 23 and 24. The government opposed any form of release and filed a letter with the Court setting forth argument and authority as to why pretrial release should not be considered. Government Letter on Bond, ECF 22. In this pleading, Mr. Hernandez responds to the government's letter.

II.  WEIGHT OF EVIDENCE & THE GOVERNMENT ARGUMENT

While the government consumes 13-pages to support the detention of Mr. Hernandez, the substance of the government presentation rests simply on a February 2014 meeting allegedly between Mr. Hernandez and a drug-trafficker. Everything else in the government letter consists of unsubstantiated allegations, descriptions of other individuals or events without any further explanation as to the nature or source of the information; much less, its link to Mr. Hernandez. The remaining allegations fall into a category that can simply be described as legal conduct.

The government argument strives to overwhelm the Court with a general dissertation on the scourge of drug trafficking, and alleging that Mr. Hernandez is part of this. However, the Bail Reform Act "neither requires nor permits a pretrial determination that the person is guilty." *United States v. Jones,* 566 F.Supp.2d 288,

292 (S.D.N.Y.2008), citing *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985). Indeed, the weight of evidence in a bond decision is generally considered as the "least important" of the §3142 factors. *Jones, supra,* citing *United States v. Grebro,* 948 F.2d 1118, 1121 (9th Cir. 1991). Regardless, Mr. Hernandez believes he must respond to the government letter and argument in the bullet points set forth below:

- "Background," ECF 22 p.2-3. – This section of the government letter mirrors the "Overview" section of the superseding indictment. *See* Indictment, ECF 15 p.2-3. With a broad brush, the government condemns an entire Central American country. The drug activity described in this section could be mistaken for other any other foreign country dealing with the problem of illegal drugs. The specific activity, or individuals, described would have some impact but for the utter absence of any link to, or evidence against, Mr. Hernandez. Rather, as noted in the defense memorandum in support of the motion for bond, the material can best be labeled as "surplusage," and more akin to irrelevant since the government fails to offer the Court any link to Mr. Hernandez. *United States v. Napolitano*, 552 F.Supp. 465, 480 (S.D.N.Y. 1982).

- "Defendant's Offense Conduct," ECF 22 p.3-4 – The government in this section presents a picture of an individual continually operating from 2004 to 2016; trafficking drugs via air, land and sea; moving multi-ton quantities of drugs; and, so full of pride in his operation that he chose to initial his work so law enforcement could easily identify him. Yet the only substantive evidence given to the Court to substantiate this broad allegation of a cartel-like operation is a February 2014 meeting with a drug trafficker requesting assistance with money owed to one of his companies from the Honduran

3

government. The grand cartel-like monetary figure allegedly linked to Mr. Hernandez was an alleged payment of $50,000 (the government fails to identify whether the alleged payment was ever made and whether the monetary figure is Honduran Lempiras or U.S. Dollars).

The absence of any substantive acts to corroborate the allegation of wrongdoing that is so vast in scope and time calls into question what was presented to the grand jury in Mr. Hernandez's case.

- "October 2016 Proffer Session," ECF 22 p.4 – The government characterizes this meeting as Mr. Hernandez attempting to cover up wrongdoing. Yet, the Court may also conclude that Mr. Hernandez traveled to the United States and voluntarily met with U.S. law enforcement. For the purposes of considering bond, the Court may conclude that Mr. Hernandez is not one to avoid law enforcement, but rather, a person that comes forth to address matters.

- "November 23, 2018 Arrest of the Defendant," ECF 22 p.5-6 – In this section, while the government attempts to conjure a complex sequence of events that shows wrongdoing, what is utterly lacking in this effort is the identification of any type of illegal activity. Travel from Honduras to the United States is not illegal. Meeting with businessmen with interests in Honduras is not illegal. Use of a legal passport, to legally enter the United States (as inspected by U.S. Customs and Border Protection) is not illegal. Travel with, and use of, "bank cards" is not illegal. Possession of two phones is not illegal. And, allegedly possessing photographs of firearms is not illegal. Nothing in the government allegations referencing Mr. Hernandez's legal travel to the United States in November of 2018 has been identified as illegal by the government.

4

This is the weight of the evidence the government asks the Court to rely upon to incarcerate Mr. Hernandez pending trial, deprive him of his liberty, and cripple any opportunity for him to fully participate in his defense.

III.  CONCLUSION

Therefore, in light of the arguments and authority submitted in the defense pleadings, Mr. Hernandez respectfully requests that the Court consider imposition of home detention; 24-hour GPS monitoring; and, a personal recognizance bond that requires surrender of Mr. Hernandez's passport.  These conditions are more than sufficient to assure Mr. Hernandez's appearance before this Court, and the safety of the community.

The proposal also assures fairness to a defendant with limited financial means available to him.  To exclude consideration of a bond solely on unattainable monetary levels would constitute a "financial condition that results in the pretrial detention" of Mr. Hernandez, a result that the applicable statue expressly intends to avoid.  *See* 18 U.S.C. §3142(c)(2) (providing that the court "may not" impose such a condition).  Accordingly, Mr. Hernandez respectfully submits that he should be released on the conditions he proposes.

Dated: January 4, 2019

        Respectfully submitted,

        RETURETA & WASSEM, P.L.L.C.

By:_____
    Manuel J. Retureta, Esq.
    300 New Jersey Ave., NW, Suite 900
    Washington, D.C. 20001
    202.450.6119
    MJR@RETURETAWASSEM.COM
    *Defense Counsel for Juan Hernandez Alvarado*

cc: All parties via ECF filing.