```
J38sHERc
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                    15 CR 379 (PKC)

JUAN ANTONIO HERNANDEZ ALVARADO,

             Defendant.

------------------------------x

                                     New York, N.Y.
                                     March 8, 2019
                                     12:00 p.m.

Before:

                  HON. P. KEVIN CASTEL,

                               District Judge

                      APPEARANCES

GEOFFREY S. BERMAN
     Interim United States Attorney for the
     Southern District of New York
MATTHEW LAROCHE
     Assistant United States Attorneys

THE MALONE LAW FIRM, P.A.
     Attorneys for Defendant
BY:  OMAR MALONE

LEWIS TEIN, P.L.
     Attorneys for Defendant
BY:  MICHAEL R. TEIN

ALSO PRESENT:
PAULA GOLD, Certified Staff Spanish Language Interpreter

J38sHERc

1           (Case called)
2           MR. LAROCHE:  Good morning, your Honor.
3           Matt Laroche for the government.
4           THE COURT:  Good morning, Mr. Laroche.
5           MR. MALONE:  Omar Malone and Michael Tein on behalf of
6   Juan Antonio Hernandez Alvarado.
7           THE COURT:  Good morning, Mr. Malone, Mr. Tein, and
8   Mr. Hernandez Alvarado.
9           Let me hear from the government where we are and where
10  we're headed.
11          MR. LAROCHE:  Yes, your Honor.
12          We were last here January 4 for a bail appearance.
13  Since that time, Mr. Hernandez has changed counsel.  The
14  government has had initial conversations with counsel, and I
15  think we have proposal for the court, which would be we set a
16  date approximately three weeks from now on March 28.  We
17  suspect that will give defense counsel some time to review the
18  discovery and that the parties will be able to confer about a
19  potential schedule for the remainder of the case.
20          THE COURT:  How does that sound to the defendant?
21          MR. MALONE:  Judge, that makes perfect sense to us.
22  And hopefully with that letter and with our added application
23  as to the extent of the discovery, we will be in a position to
24  provide dates that are meaningful and appropriate for the
25  court.

1    THE COURT:  All right.  The important thing is, if
2 there are any motions you wish to make, that is the date and
3 time for you to advise me of those motions.
4    MR. MALONE:  When you say motions, are you suggesting
5 pretrial motions, or any motions as it relates to other
6 matters?
7    THE COURT:  Pretrial motions.
8    I don't know what other matters you're talking about.
9    Motions in limine related to the trial?
10    MR. MALONE:  Yes.  I didn't know what motions the
11 court was referring to.
12    THE COURT:  No.  Any motion except an in limine
13 motion.
14    MR. MALONE:  OK.
15    THE COURT:  If you have a motion to dismiss, a motion
16 for discovery, a motion for a bill of particulars, a motion for
17 I don't know what --
18    MR. MALONE:  Understood.
19    THE COURT:  -- that is your time and place to advise
20 me.  Maybe a motion to suppress, I have no idea.  I have no
21 idea.  You're the lawyer, I'm not.
22    MR. MALONE:  Very well.
23    THE COURT:  The only thing that would not be
24 encompassed in that is a motion directed to trial evidence and
25 that schedule will be set separately.

1                  MR. MALONE:  Understood.
2                  THE COURT:  All right.  I will set it for March 28 at
3      11:30.
4                  Is that convenient to the government?
5                  MR. LAROCHE:  Yes, your Honor.
6                  THE COURT:  To defense?
7                  MR. MALONE:  Judge, March 28 is not convenient to us,
8      but we anticipate providing the court with a written schedule,
9      if adopted by the court in advance.
10                 THE COURT:  Let's get you a date.
11                 MR. MALONE:  Very well.
12                 THE COURT:  How about March 27?
13                 MR. MALONE:  Judge, our issue, both counsel, our
14     children are out on spring break.  We have prepaid vacation
15     from the 17th --
16                 THE COURT:  Let's see whether we can do it March 22 at
17     2:30 p.m.
18                 MR. MALONE:  That works, Judge.
19                 THE COURT:  That is when it will be.
20                 Is that convenient to the government?
21                 MR. LAROCHE:  Yes.  Thank you, Judge.
22                 THE COURT:  OK.
23                 MR. MALONE:  Judge, I have one other issue.  I don't
24     know if this is the appropriate time.
25                 THE COURT:  Yes.

MR. MALONE:  Prior to essentially us formally getting involved in the case, the government had moved for a protective order as it relates to an application for Title III.

THE COURT:  Yes.

MR. MALONE:  The court granted that order.

We would like the opportunity to at least -- we're not familiar enough with those issues.  We would like at least some time to at least look at the matter and sort of reserve the right to bring the matter for reconsideration before the court.

THE COURT:  All right.  Of course it was sent to you.  The letter was sent to you on February 20.  I believe I didn't sign the protective order until this week, I think it was.

Is that right?

Yes, March 6.

MR. MALONE:  Yes, Judge.

THE COURT:  You had from February 20 to March 6.

I heard nothing from the defense, but if you want to send me something to reargue it, do that within the next -- would it be convenient to do that in the next week?

MR. MALONE:  Can we have ten days, Judge?

THE COURT:  Sure.

MR. MALONE:  Judge, there was a motion for substitution of counsel, and at the bottom was an order associated with it, formally allowing my entry into the case and the prior counsel out.

1            I don't know if that was ever actually executed by the
2    court.  That may have been --
3            THE COURT:  Well, let me see.
4            MR. MALONE:  Let me take a look at that.
5            Mr. Hernandez Alvarado, you have been represented in
6    this action by Manuel Renteria.
7            Do you wish me to replace Mr. Renteria with Omar
8    Malone as your counsel in this case?
9            THE DEFENDANT:  Yes, your Honor.
10           THE COURT:  All right.  Any objection from the
11   government?
12           MR. LAROCHE:  No, Judge.  Thank you.
13           THE COURT:  I am signing the order of substitution
14   right now.
15           Anything else, Mr. Malone?
16           MR. MALONE:  Nothing further on behalf of our client,
17   Judge.
18           THE COURT:  Thank you.
19           I'll hear the government's application.
20           MR. LAROCHE:  Yes, your Honor.
21           The government moves to exclude time under the Speedy
22   Trial Act from now until March 22.  The bases for the exclusion
23   is so that new counsel can review the discovery and also
24   consider potential motions.
25           MR. MALONE:  No objection.

J38sHERc

1    THE COURT:  All right.  I find that the ends of
2    justice will be served by granting a continuance to March 22
3    and that the need for a continuance outweighs the best interest
4    of the public and the defendant in a speedy trial.  The reasons
5    for my finding are that the time is needed to enable defense
6    counsel to review the discovery materials, discuss them with
7    his client, and be in a position to return to advise the court
8    whether there are any motions he wishes to make in this case.
9    Accordingly, the time between today and March 22 is excluded
10   under the Speedy Trial Act.
11            Anything further from the government?
12            MR. LAROCHE:  No.  Thank you, your Honor.
13            THE COURT:  From the defendant?
14            MR. MALONE:  No, Judge.  Thank you very much.
15            THE COURT:  Thank you all very much.
16            Good to meet you, sir.
17            MR. MALONE:  Likewise, sir.  Have a good day.
18            (Adjourned)