# TEIN MALONE PLLC
### LAWYERS

May 10, 2019

***Via ECF***
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>  RE:  ***United States v. Juan Antonio Hernandez Alvarado***
>        **S2 15 Cr. 379 (PKC)**

Dear Judge Castel:

We respectfully request that the Court enter an order requiring the government to redact the participation of the prosecutor from any evidence offered about the 2016 proffer of Juan Antonio Hernandez-Alvarado ("Hernandez") for the reasons outlined below.

## Motion to Redact 2016 Proffer

Lead counsel for the United States was one of the three government officials present in 2016 when the defendant Hernandez voluntarily presented himself for a debriefing at the Miami U.S. Attorney's Office. This 2016 proffer is the subject of Count Four, alleging false statements in violation of 18 U.S.C. § 1001.

The government did not record the 2016 non-custodial interview and the defendant did not write or sign any of his words. Instead, someone took notes of it, which are substantive and not verbatim:

> **TH Proffer Notes**
> **October 25, 2016**
>
> Laroche – Fraga – Papadopolous – Myriam Acosta (interpreter) – Retureta
>
> - Review and sign proffer agreement; review consequences of lying during meeting.

Because the statements were not recorded or memorialized, the government must resort to witness testimony to prove the false-statement count. Mr. Retureta, who has substituted out as defense counsel, is obviously a witness. But lead counsel for the government, who has not substituted out, is also obviously a witness.

Tein Malone PLLC

Upon a showing of a "compelling and legitimate need,"[1] we are entitled to call the interviewing AUSA so that the jury may hear his memory of what Hernandez said. We recognize that where other witnesses are available to testify, disqualification of the prosecutor may not be necessary.[2] But here, even if he is not called as a witness by either side, the lead prosecutor (either through examination or argument) will be taking a personal position before the jury about what Hernandez said at that meeting -- effectively testifying as an unsworn witness and without being subject to cross-examination.[3] The unfair prejudice to the defendant would be insurmountable.

## CONCLUSION

We realize that disqualification is an extreme remedy. A fair solution would be to redact any admitted documents relating to the proffer (including the proffer agreement, if it is admitted) and explicitly instruct witnesses so that the jury is not informed that government counsel was present for Hernandez' 2016 interview. This was this Court's solution in *United States v. Bin Laden*.[4]

Respectfully submitted,

/s/ Michael R. Tein
Michael R. Tein
tein@teinmalone.com
T. Omar Malone
omalone@teinmalone.com
TEIN MALONE PLLC

---

[1] *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975).

[2] *United States v. Wallach*, 788 F. Supp. 739, 744 (S.D.N.Y. 1992) (denying disqualification because another witness "could be called" and the government offered to stipulate "to much of what Wallach says he wishes to introduce through the testimony of the prosecutors").

[3] *See United States v. Gotti*, 771 F. Supp. 552, 561–67 (E.D.N.Y.1991), *aff'd sub nom., United States v. Locascio*, 6 F.3d 924, 933–35 (2d Cir.1993); *see also United States v. Dennis*, 843 F.2d 652, 656 (2d Cir.1988) ("If counsel were to cross-examine the witness as to his conversations with him, argue the credibility of his testimony to the jury, or suggest alternative interpretations of his account of the conversation, counsel would place himself in the position of an unsworn witness and implicitly put his own credibility at issue.").

[4] 91 F. Supp. 2d 600, 625 (S.D.N.Y. 2000) ("if measures such as those suggested are taken, any unsworn witness problem created by [the prosecutors'] participation in post-arrest interviews of Defendants can be resolved").

Tein Malone PLLC

3059 Grand Avenue
Coconut Grove, Florida 33133
(305) 442-1101

*Counsel for Juan Antonio Hernandez Alvarado*

Cc:    AUSA Emil J. Bove, III;
       AUSA Matthew J. LaRoche
       (via ECF)