

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

<i>The Silvio J. Mollo Building<br>
One Saint Andrew's Plaza<br>
New York, New York 10007</i>

June 4, 2019

<u>Via ECF</u>
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: *United States v. Juan Antonio Hernandez Alvarado*,
       S2 15 Cr. 379 (PKC)

Dear Judge Castel:

  The Government respectfully submits this letter in response to the defendant's June 3, 2019 motion to strike the Government's May 28, 2019 *Ex Parte* Declaration. (*See* Dkt. No. 59). For the reasons set forth below, the motion to strike is meritless, and the defendant's explicit confirmation that he is seeking to use pretrial motion practice to obtain early access to the Government's witnesses also warrants the denial of his pending motion for a bill of particulars. (*See* Dkt. No. 54).

  *First*, it was entirely appropriate and consistent with practice in this District for the Government to file the *Ex Parte* Declaration, on notice to defense counsel, which included the bases for the Government's requests that the Court review the document *in camera* and maintain it under seal. "Courts routinely consider these types of *ex parte* submissions." *United States v. Smith*, 985 F. Supp. 2d 506, 531 n.13 (S.D.N.Y. Dec. 4, 2013); *see also, e.g.*, *United States v. Lobo*, No. 15 Cr. 174, 2017 WL 1102660, at *3 (S.D.N.Y. Mar. 22, 2017) ("The Government has also provided an *ex parte* declaration explaining why further disclosures as to its witnesses may pose substantial risks to the safety of others and the integrity of the ongoing investigation."); *United States v. Columbo*, No. 04 Cr. 273, 2006 WL 2012511, at *13 (S.D.N.Y. July 18, 2006) ("If the Government is genuinely concerned that such disclosure will endanger witnesses or lead to witness tampering, it may submit an *ex parte* application explaining the reasons for withholding disclosure."); *United States v. Avendano*, No. 02 Cr. 1059, 2003 WL 22454664, at *1 (S.D.N.Y. Oct. 29, 2003) ("The Government also made an *ex parte* submission, which has been filed under seal, in connection with the motion for a bill of particulars."). As the Government noted in its publicly filed memorandum of law, the *Ex Parte* Declaration contains information relating to "safety risks to cooperating witnesses as well as relatives and associates of those witnesses residing in Honduras and elsewhere." (Dkt. No. 57 at 25-26). To provide further disclosures to defense counsel regarding the bases for proceeding *ex parte* and requesting sealing would frustrate the very purpose of *in camera* review. *See, e.g., United States v. Ahmed*, No. 10 Cr. 131, 2011 WL 4915005, at *6 (S.D.N.Y. Sept. 23, 2011) (Castel, J.) (rejecting defense challenge to *ex parte*

The Honorable P. Kevin Castel                                                                                            Page 2
June 4, 2019

discovery motion, reasoning that the Government's submission established that "*ex parte*, *in camera* review was proper" and that "[t]o have proceeded otherwise would have 'defeated the very purpose of the discovery rules'" (quoting *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008))).

        *Second*, the defendant's June 3, 2019 characterization of his previously filed motion for a bill of particulars as a "modest request" seeking "to identify the conspirators who will likely testify at trial" further underscores that the safety risks attendant to premature witness disclosures are one basis, but certainly not the only basis, to deny the substantive motion. *See, e.g., United States v. Alessi*, 638 F.2d 466, 481 (2d Cir. 1980) ("[T]he prosecution [is] under no obligation to give [a defendant] advance warning of the witnesses who [will] testify against him."); *United States v. Lewis*, No. 16 Cr. 786, 2018 WL 6241445, at *7 (S.D.N.Y. Nov. 29, 2018) ("[T]he Government argues convincingly that early disclosure could put cooperating witnesses in jeopardy by disclosure of the fact they are cooperating with the government."). Accordingly, the Government respectfully submits that the defendant's June 3, 2019 motion to strike, as well as his May 10, 2019 motion for a bill of particulars, should be denied.

                                                                                            Respectfully submitted,

                                                                                            GEOFFREY S. BERMAN
                                                                                            United States Attorney

                                                                                      By:   /s/                                          
                                                                                            Emil J. Bove III
                                                                                            Matthew J. Laroche
                                                                                            Jason A. Richman
                                                                                            Assistant United States Attorneys
                                                                                            (212) 637-2420

Cc:    Defense Counsel
        (Via ECF)