

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

August 15, 2019

Via Email
T. Omar Malone
Michael Tein
3059 Grand Avenue
Suite 340
Coconut Grove, FL 33133

        Re:    <u>United States</u> v. <u>Juan Antonio Hernandez Alvarado,</u>
               <u>S1 15 Cr. 379 (PKC)</u>

Counsel:

        We write, in an abundance of caution, to disclose additional weapons-related evidence that we plan to offer at trial. (*See* Dkt. No. 78 at 2 n.2).[1] Specifically, we plan to offer testimony from the individuals described as "CW-2" and "CW-5" in our August 2, 2019 motions *in limine* that they helped the defendant distribute machineguns to co-conspirators in Mexico and Colombia in connection with the drug-trafficking conspiracy charged in Count One of the above-referenced Indictment. These activities, which are discussed in more detail below, are direct evidence on Count One as well as the weapons charges in Counts Two and Three. Evidence of these activities is also admissible, in the alternative, pursuant to Rule 404(b).

        First, we expect CW-2 will testify, in substance and in part, that the defendant sold a cache of machineguns to members of the Honduran *Los Valles* cartel so that the weapons could be sent to the *Fuerzas Armadas Revolucionarias de Colombia* (the "FARC") and others in connection with ongoing drug-trafficking activities.[2] A Honduran police official (the "Police

---

[1] As you area aware based on the Superseding Indictment and other filings and disclosures, we also intend to offer additional testimony from several cooperating witnesses regarding weapons possessed by the defendant and his co-conspirators during the course of the conspiracies charged in Counts One and Three, including in connection with drug-related meetings and while transporting drug shipments.

[2] In light of this anticipated testimony from CW-2, we also plan to elicit limited testimony from Special Agent Gregg Mervis, who will testify as an expert as disclosed previously, that the FARC

Official") delivered the weapons, which were wrapped in plastic, to CW-2 on behalf of the defendant in the Copán Department in Honduras.  CW-2 then delivered the machineguns to members of *Los Valles*, who sent the machineguns to Colombia in connection with a shipment the defendant helped to protect.  The defendant coordinated this transaction through co-conspirators, including a member of *Los Valles*, who advised CW-2 of the defendant's role in this transaction.[3]

Second, we expect CW-2 and CW-5 to testify, in substance and in part, regarding a transaction in which the defendant sold CW-5 a cache of machineguns that were then sold by CW-5 to some of the same members of the Sinaloa Cartel who were also helping to distribute the defendant's cocaine into the United States.  The defendant coordinated this transaction through the individual identified in our motions *in limine* as CC-2.  The machineguns, which were wrapped in plastic, were delivered to CW-2 by the Police Official in the Copán Department in Honduras, and CW-2 then caused the machineguns to be delivered to CW-5 in Guatemala in two installments (one of which also involved a multi-hundred-kilogram shipment of cocaine).  Both CC-2 and a co-conspirator who delivered the first installment of machineguns to CW-5 confirmed to CW-5 the defendant's involvement.  CW-5 caused some of the machineguns to be transported to Sinaloa Cartel personnel in Mexico along with the cocaine, and the Sinaloa Cartel used drug proceeds to pay for the weapons.

Sincerely,

GEOFFREY S. BERMAN
United States Attorney

By:   ___/s/_____
Emil J. Bove III
Amanda L. Houle
Jason A. Richman
Assistant United States Attorneys
(212) 637-2444

---

is a Colombian paramilitary organization operating in Colombia, Venezuela, and Ecuador, known to be one of the largest producers of cocaine in the world.

[3] For the reasons set forth in our motions *in limine*, the statements of the defendant's co-conspirators identified herein regarding the defendant's role in these weapons transactions are admissible pursuant to Rule 801(d)(2)(E) and/or Rule 804(b)(3).