

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 24, 2019

<u>Via Email</u>
T. Omar Malone
Michael Tein
Email: omar@malonelawfirm.com
Email: mtein@lewistein.com

      Re:    <u>United States</u> v. <u>Juan Antonio Hernandez Alvarado</u>,
                S1 15 Cr. 379 (PKC)

Defense Counsel:

    Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the Government hereby provides the following information regarding anticipated expert witness testimony at trial and seeks reciprocal disclosures. The Government reserves the right to supplement this notice with notice of additional expert witnesses and/or additional information concerning the witnesses disclosed herein.

## DRUG-TRAFFICKING ROUTES

    The Government intends to call Drug Enforcement Administration ("DEA") Group Supervisor and Special Agent Gregg Mervis as an expert on drug-trafficking routes. The Government plans to offer expert testimony from Agent Mervis regarding: (i) the manufacturing process typically used to produce cocaine; (ii) the evolution of drug-trafficking routes used to transport cocaine from South and Central America into the United States (including via Mexico); (iii) drug-trafficking methodologies employed along these routes, including the use of aircraft registered in the United States as well as maritime shipments; (iv) the approximate prices of cocaine in South America, Central America, Mexico, and the United States (and the fact that the price generally increases as the cocaine is moved north); (v) more than approximately 90% of the cocaine that is consumed in the United States is produced in Colombia; and (vi) approximately 90% of the cocaine transported through Central America is imported into the United States.

    Agent Mervis's resume is attached as Exhibit A to this letter, and prior expert testimony by Agent Mervis setting forth some of his qualifications and opinions is attached as Exhibit B.

## HONDURAS AND HONDURAN POLITICS

The Government intends to call New York University ("NYU") Professor Patricio Navia to testify as an expert regarding Honduras and Honduran politics. The Government plans to offer expert testimony from Professor Navia regarding: (i) the Honduran political system, national elections and related events between 2009 and the present (including the coup d'état that began in June 2009), and local elections in the Copán and Yoro Departments of Honduras; (ii) the defendant's political career, including roles played within the National Party of Honduras and in the Honduran National Congress; (iii) the positions held by other Honduran politicians and government officials, including Juan Orlando Hernandez, Porfirio Lobo Sosa, Oscar Ramón Nájera, Fredy Renán Nájera, Midence Oqueli Martinez Turcios, Mario José Cálix, Soraya Cálix, Amilcar Alexander Ardon Soriano, Yani Benjamin Rosenthal Hidalgo, Yankel Rosenthal Coello, and Arnaldo Urbina Soto; and (iv) the development of Honduran legislation and portions of the Honduran constitution relating to the extradition of Honduran nationals to the United States and immunity for Honduran politicians.

Professor Navia's curriculum vitae is attached as Exhibit C.

## MACHINEGUNS AND DESTRUCTIVE DEVICES

The Government intends to call a Firearms Enforcement Officer ("FEO") from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to testify as an expert about weapons possessed by the defendant and his co-conspirators, such as Glock pistols, AK-47s, AR-15s, M16s, IMI Galils, RPGs, and other grenade launchers. The Government plans to offer expert testimony from the FEO regarding what firearms qualify as machineguns and destructive devices under 18 U.S.C. § 924 for purposes of Counts Two and Three, as well as the functionality, capabilities, and common uses of these weapons. The Government will identify its ATF-FEO expert at least 30 days prior to trial.

## SPANISH TRANSLATIONS

The Government intends to elicit testimony from a Spanish-language expert witness regarding transcriptions and translations of recordings and electronic communications. The recordings and communications were produced previously. The Government will identify its Spanish-language expert and provide draft translations at least 30 days prior to trial.

## ELECTRONIC DEVICES

The Government intends to elicit testimony from individuals who extracted data from electronic devices seized from the defendant in connection with his arrest. Forensic images of the extracted data were produced previously. The Government will identify these witnesses at least 30 days prior to trial.

The Government may not seek to offer these witnesses as expert witnesses, as the focus of their testimony will be on what they found on the devices rather than any area of specialized knowledge on which they relied in conducting their examinations. *See United States v. Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (agent's testimony not expert testimony where he "simply testified to what he found on the [defendant's] hard drive . . . , without expressing an opinion that required specialized knowledge or offering insight beyond common understanding"); *United States v. Scott-Emuakpor*, 2000 WL 288443, at *12 (W.D. Mich. 2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs. The question is whether they have the skill to find out what is on a hard drive or a zip drive. Apparently, they have this skill because they determined what was on the drives. By analogy, a person need not be an expert on English literature in order to know how to read."). However, the Government is prepared to qualify these witnesses as experts under Federal Rule of Evidence 702 in the event that it is deemed necessary to do so.

## DISCLOSURE BY THE DEFENDANT

The Government reiterates its prior requests for reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure and for notice under Rules 12.1, 12.2, and 12.3. Specifically, the Government requests that the defendant:

- Allow inspection and copying of: (1) any books, or copies or portions thereof, which are in either defendant's possession, custody or control, and which either defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in either defendant's possession or control, and which either defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom either defendant intends to call at trial.

- Disclose prior statements of witnesses either defendant will call to testify at trial. *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

- Pursuant to Rule 16(b)(1)(C) provide notice regarding any expert witness that either defendant intends to rely upon, including a written summary of any testimony that either defendant intends to elicit under Rules 702, 703, or 705 of the Federal Rules of Evidence. Any such summary should include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

- Pursuant to Rules 12.1, 12.2, and 12.3, provide notice of any alibi defense, insanity defense, or public-authority defense that either defendant intends to rely upon in this case.

        Sincerely,

        GEOFFREY S. BERMAN
        United States Attorney

By:      /s/
        Emil J. Bove III
        Matthew Laroche
        Jason A. Richman
        Assistant United States Attorneys
        (212) 637-2444 / 2420

Enclosures