AO 245B (Rev. 09/19)   Judgment in a Criminal Case        (form modified within District on Sept. 30, 2019)
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| JUAN ANTONIO HERNANDEZ ALVARADO | Case Number: 1:S2 15 CR 00379-02 (PKC) |
| | USM Number: 17838-104 |
| | Peter Brill, Esq. (AUSA Matthew Laroche) |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)   1, 2, 3, and 4.
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21USC963, 18USC3238 | Conspiracy to Import Cocaine Into the U.S. | 12/31/2016 | 1 |
| 18USC924(c)(1)(A), 924 (c)(1)(B)(ii), 3238, & 2 | Possession of Machineguns and Destructive Devices | 12/31/2016 | 2 |

   The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/30/2021
Date of Imposition of Judgment

_____
Signature of Judge

P. Kevin Castel, U.S.D.J.
Name and Title of Judge

3-30-21
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1A

Judgment—Page ___2___ of ___8___

DEFENDANT:  JUAN ANTONIO HERNANDEZ ALVARADO
CASE NUMBER:  1:S2 15 CR 00379-02 (PKC)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18USC924(o) & 3238 | Conspiracy to Possess Machineguns and Destructive Devices | 12/31/2016 | 3 |
| 18 U.S.C. 1001 | Making False Statements | 12/31/2016 | 4 |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   __3__   of   __8__

DEFENDANT:   JUAN ANTONIO HERNANDEZ ALVARADO
CASE NUMBER:    1:S2 15 CR 00379-02 (PKC)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Life imprisonment on Counts 1 and 3, and 60 months on Count 4, all to run concurrently, and a mandatory and consecutive 360 months on Count 2.

☐  The court makes the following recommendations to the Bureau of Prisons:

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____   ☐ a.m.   ☐ p.m.   on   _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on   _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT:   JUAN ANTONIO HERNANDEZ ALVARADO
CASE NUMBER:   1:S2 15 CR 00379-02 (PKC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

5 years on Counts 1 to 3 and 3 years on Count 4, all to run concurrently.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you
        pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
        restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
        directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
        reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)      Judgment in a Criminal Case
                          Sheet 3A — Supervised Release

|  | Judgment—Page | 5 | of | 8 |
|---|---|---|---|---|

DEFENDANT:  JUAN ANTONIO HERNANDEZ ALVARADO
CASE NUMBER:  1:S2 15 CR 00379-02 (PKC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____      Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page   6   of   8

DEFENDANT:  JUAN ANTONIO HERNANDEZ ALVARADO
CASE NUMBER:  1:S2 15 CR 00379-02 (PKC)

## SPECIAL CONDITIONS OF SUPERVISION

1. You must obey the immigration laws and comply with the directives of immigration authorities.

2. You must provide the probation officer with access to any requested financial information.

3. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page | 7 | of | 8 |
|---|---|---|---|---|---|

DEFENDANT: JUAN ANTONIO HERNANDEZ ALVARADO
CASE NUMBER: 1:S2 15 CR 00379-02 (PKC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | | |
|---|---|---|---|---|
| **TOTALS** | $ | 0.00 | $ | 0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT:  JUAN ANTONIO HERNANDEZ ALVARADO
CASE NUMBER:  1:S2 15 CR 00379-02 (PKC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __400.00__   due immediately, balance due

  ☐  not later than _____ , or
  ☐  in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
  _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
  _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
  term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
  imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
  Forfeiture ordered in the amount of $138,500,000.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

United States of America v. Juan Antonio Hernandez Alvarado
15 cr 379 (PKC)
Statement of Reasons
Sentencing, March 30, 2021 at 2 p.m.

After hearing the evidence at trial, a twelve-person jury found beyond a

reasonable doubt that Juan Antonio Hernandez was a member of a conspiracy to import drugs

into the United States from 2004 to 2016.  In addition, the jury found him guilty of conspiracy to

possess a machine gun in furtherance of drug trafficking and the substantive crime of possession

of firearms, including a machine gun. The jury also found him guilty of lying in a 2016 voluntary

interview with DEA Agents. Five cooperating witnesses testified at trial in addition to other

witnesses and evidence, including photographs and recordings.

As a judge, I am frequently called upon to impose sentence upon individuals in

the drug trade.  Some have become retail sellers infecting neighborhoods with a substance that

destroys families and lives, through addiction, disease and violence, including turf wars and

drive by shootings.  Some of these retail sellers come from families where the mother was an

addict, or the father was imprisoned for drug related crimes. In many of these cases, the

defendants are responsible for retail sales measured in grams. Often, they justly receive lengthy

prison sentences. I also am required to sentence those buying or selling in kilo quantities. The

quantity and type of drug plays an important part in sentencing.

I also see young men from Colombia who are caught in international waters on

"go fast" boats loaded with cocaine with an ultimate destination of the United States after

transshipment through Central America.  These "go fast" drivers typically have little knowledge

of the source of the drugs or the distribution network beyond their own role.  Many are unskilled,

impoverished and endeavoring to support their families. They receive lengthy sentences for their actions.

And then there is Juan Antonio Hernandez Alvarado, also known as Tony Hernandez. He is 41 years of age, reasonably fit and in good health. He makes an excellent appearance, well-dressed, wearing a warm and engaging smile. He is well educated, went to a military boarding school and received a college degree in law. His family had legitimate businesses, including a hotel and a pharmacy, in which he could have earned a good, honest living. He briefly practiced law. He was elected as a member of the Honduran Congress and could have used his considerable talents for good. But Juan Antonio elected to go in a very different direction.

The trial of Juan Antonio unmasked many details of international narco-trafficking—state sponsored-narco-trafficking. It corrupts every facet of society. Juan Antonio became a major facilitator of the movement of cocaine through Honduras with an eventual destination of the United States. He became a partner in one of the ultimate sources of supply, a cocaine lab in Colombia. He brazenly had his own brand of cocaine imprinted with the initials TH for Tony Hernandez. I recall one cooperator estimating that he purchases 15,000 kilograms from Tony Hernandez.

The defendant is responsible for the murders of Franklin Arita, a trafficker who had interrupted the supply lines of Alex Ardon Soriano. He was murdered utilizing the services of Tigre Bonilla, a police chief. Also Chino, a member of the drug operation who had the misfortune of having been arrested was viewed as posing a threat because he knew too much about the drug operations and could cooperate with law enforcement. Juan Antonio wanted him murdered and when the job was done he expressed happiness.

2

Juan Antonio rented helicopters to drug traffickers and supplied them with weapons and ammunition, including in one transaction 4,000 to 6,000 pieces of amuntion for assault weapons that were boxed in containers with the markings of the Honduran Military. He acted as middleman in bribes to politicians, including his brother Juan Orlando Hernandez and the National Party. After his second meeting with Joaquin Guzman a/k/a El Chapo leader of the Sinaloa Cartel, he agreed to accept Guzman's offer of $1million in cash for his brother Juan Orlando's presidential campaign in exchange for a pledge of protection for his drug shipments and immunity. Guzman was not the only drug trafficker to whom Tony Hernandez sold protection from prosecution by the government and interdiction by the Honduran Military and National Police. In exchange for payments to him, he alerted drug traffickers to night vision helicopter maneuvers and radar patterns that might have resulted in seizing of shipments. For the radar information, he charged $50,000.

Facts, not speculation, enable the government to reliably estimate that the quantity of cocaine for which Juan Antontio bears responsibility from 2004 through 2015 is 185,000 kilograms. At 8,000 doses per kilogram, this translates to nearly 1.5 billion individual doses of cocaine. The gross income of Juan Antonio from drug trafficking during that same period is reliably estimated at $138,500,000 US dollars.

Defendant and his co-conspirators were indifferent to the consequences of their acts on the lives of people in their own country and in this country. A long sentence will promote respect for law and will serve as a deterrent to others who might engage in similar conduct. It will protect the public from further crimes of this defendant while he is incarcerated. I have considered the need to avoid unwarranted sentence disparities. The highest drug quantity for cocaine recognized by the Sentencing Guidelines is more than 450 kilograms. Very few

3

defendants, about 6.6% of drug trafficking cases in 2019, have a drug quantity in this highest

range.  Defendant is responsible for the distribution of 185,000 kilos.  I have considered the

arguments presented by each side on comparative sentence found in the government's

submission at pages 51-55 and in the defendant's memorandum at 13-15.

I have considered the guidelines, policy statements and official commentary of the

Sentencing Commission.  I recognize that the guidelines are advisory and not binding on the

Court.  I acknowledge that I have variance discretion.

Defendant faces a mandatory minimum of 10 years on Count 1 and a mandatory

consecutive 30-year minimum term of imprisonment on Count 2.  By law, I am required to

sentence him to a minimum of 40 years imprisonment on Counts 1 and 2.  Again that is the

minimum.  The maximum term on each of Counts 1, 2 and 3 is life imprisonment and on Count 4

is 5 years imprisonment.

At total offense level 43 CHC 1, the Guidelines range is life imprisonment plus

the mandatory consecutive term on Count 2 of 360 months.   The prosecution and the Office of

Probation recommend that I impose this sentence.

Based upon his free choice to engage in a life of drug trafficking over a 12-year

period which affected the lives of the people in the United States, Honduras and elsewhere, a

sentence of life imprisonment on Counts 1 and 3 is richly deserved, together with 5 years

concurrent on Count 4.  By law I am required to impose the 30-year mandatory minimum as

consecutive to that on Count 3.  I will impose forfeiture of $138,500,000 and the $400 special

assessment. I will not impose a fine in view of the forfeiture amount. The foregoing in my view

is sufficient but not greater than necessary to achieve the purposes of section 3553(a).

4

This Court is under no delusion that the sentence will end narco-trafficking through Honduras. But today's sentence is an important step. It is not the only prosecution in this district of individuals accused of using Honduras as a transit point for drugs. The experience of law enforcement with La Cosa Nostra or the Mafia--is instructive. By repeatedly going after leaders and organizers of these organized crime families, their impact has been weakened. They are a shadow of what they once were.

Ending the movement of cocaine from Columbia through Honduras, Guatemala and Mexico to the United States is the hope of all good people in Honduras, the United States and other countries of the Americas. Looking back in years to come, today may prove to have been an important step in eliminating the corruptive and corrosive influence of narco-trafficking.