```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
    UNITED STATES OF AMERICA              :
                                                GOVERNMENT'S MOTION IN
          - v. -                          :     SUPPORT OF ITS PROPOSED
                                                PRELIMINARY ORDER OF
                                          :     FORFEITURE AS TO
    JUAN ANTONIO HERNANDEZ                      SUBSTITUTE ASSETS
    ALVARADO,                             :
         a/k/a "Tony Hernandez,"                S2 15 Cr. 379 (PKC)
                                          :

                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of JUAN ANTONIO HERNANDEZ ALVARADO, a/k/a "Tony Hernandez," (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about March 30, 2021.

## I. Background

1. On or about November 23, 2018, the Defendant was charged in a Superseding Indictment, S2 15 Cr. 379 (PKC) (the "Indictment"), with cocaine importation conspiracy, in violation of Title 21, United States Code, Section 959 and 963 (Count One); and possession of machineguns and destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238 and 2 (Count Two); and conspiracy to possess machine guns and destructive devices, in violation of Title 18, United States Code, Sections 924(o) and 3238 (Count Three); and with making false statements, in violation of Title 18, United States Code, Section 1001 (Count Four).

2. On or about October 18, 2019, following a jury trial, the Defendant was found guilty of Counts One through Four of the Indictment.

### The Order of Forfeiture

3. On or about March 30, 2021, the Court entered an Order of Forfeiture, imposing a money judgment against the Defendant in the amount of $138,500,000 (the "Money Judgment"), representing any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment.

4. To date the entire of the Money Judgment entered against the Defendant remains outstanding.

### The Location of Additional Assets

5. As set forth in the Declaration of Matthew Passmore (the "PASSMORE Declaration"), the United States has not been able to locate, obtain or collect any assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the assets of the Defendant.

6. However, the United States has identified the following specific assets in which the Defendant has an ownership interest seized from the Defendant at the time of his arrest on or about November 23, 2018, at the Miami International Airport in Florida:

 a. $8,000 in United States currency;
 b. 111 Honduran Lempiras; and
 c. 90 Mexican Pesos;

(the "Substitute Assets"). The United States is now seeking to forfeit the Defendant's interest in the Substitute Assets and to have it, once forfeited, applied towards the Defendant's outstanding Money Judgment.

7. For the following reasons, the Government respectfully requests that the

Substitute Asset be forfeited to the United States, and applied as a payment towards the Money Judgment.

### III. Discussion

8. Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

9. Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

10. Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the defendant's offenses. *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court

to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Asset, they will have an opportunity to challenge the Government's entitlement to the Substitute Asset in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third-party claims are resolved by the Court.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

## IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Asset to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
August 26, 2022

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *Jason A. Richman*
JASON RICHMAN
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2589