UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JUAN ANTONIO HERNANDEZ ALVARADO,
    a/k/a "Tony Hernandez,"

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

S2 15 Cr. 379 (PKC)

WHEREAS, on or about November 23, 2018, JUAN ANTONIO HERNANDEZ ALVARADO (the "Defendant"), was charged in a four-count Superseding Indictment, S2 15 Cr. 379 (PKC) (the "Indictment"), with cocaine importation conspiracy, in violation of Title 21, United States Code, Section 959 and 963 (Count One); and possession of machine guns and destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238 and 2 (Count Two); and conspiracy to possess machine guns and destructive devices, in violation of Title 18, United States Code, Sections 924(o) and 3238 (Count Three); and with making false statements, in violation of Title 18, United States Code, Section 1001 (Count Four);

WHEREAS, on or about October 18, 2019, following a jury trial, the Defendant was found guilty of Counts One through Four of the Indictment;

WHEREAS, on or about March 30, 2019, the Court entered an Order of Forfeiture, imposing a money judgment against the Defendant in the amount of $138,500,000 (the "Money Judgment"), representing any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the

1

Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains outstanding;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offense, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest seized from the Defendant at the time of his arrest on or about November 23, 2018, at the Miami International Airport in Florida:

  a. $8,000 in United States currency;
  b. 111 Honduran Lempiras; and
  c. 90 Mexican Pesos;

(the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Assets Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       ~~August ___, 2022~~
       January 19, 2023

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE